### 7943

### STATE v. ASHE.

PLEADINGS.—AN INDICTMENT charging defendant with fraudulently appropriating the proceeds of certain notes intrusted to him for collection need not particularly describe the notes.

Before MOORE, Special Judge, York, November term, 1909. Affirmed.

Indictment against John L. Ashe. Defendant appeals.

*Messrs. John R. Hart* and *W. W. Lewis,* for appellant. *Mr. Hart* cites: *Crime should be plainly described:* 54 S. C. 198; 1 Arch. Cr. Proc. 276. *Breach of trust is larceny:* 21 S. C. 353; 20 S. C. 392; 5 S. C. 66. *Rule of description:* Chev. 75; 1 Rich. 184; 13 Pet. 176; 14 S. C. 353; 10 Rich. 374.

*Solicitor Henry,* contra, oral argument.

July 5, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The defendant was tried, convicted and sentenced upon an indictment charging that he, on November 15, 1908, at Yorkville, S. C., "after being intrusted with certain notes for collection, and having collected the sum of five hundred and seventy-three dollars and two cents on said notes for the Planters Fertilizer and Phosphate Company, a corporation under the laws of said State, in bills and notes and silver, lawful money of the United States, denominations and numbers to the jurors

unknown, of the value of five hundred and seventy-three dollars and two cents, of the proper goods and chattels of the said Planters Fertilizer and Phosphate Company. then and there being found, feloniously did steal, take and carry away, and fraudulently appropriate to his own use, against the form of the statute, etc."

On a motion to quash the indictment, which was refused, defendant contended that the indictment violated article I, section 18, of the Constitution, in that it does not fully inform defendant of the nature of the accusation against him, the specific objection being that the indictment. while stating that defendant was intrusted with certain notes for collection, failed to state what notes or to describe such notes.

We think the indictment sufficient. It fully informs defendant of the nature and cause of the accusation, as required by the Constitution and section 56 of the Criminal Code. The offense charged is not a breach of trust in collecting or disposing of notes, but a fraudulent appropriation of certain money, described in the usual way. It was not necessary to describe the notes particularly, as they were not the subjects of the misappropriation, and the money, which was the subject of the misappropriation, was fully described.

The judgment of the Circuit Court is affirmed.